[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved the court for reconsideration of the court's decision (of February 20, 1997) granting the motion CT Page 5247 to dismiss filed by the defendants Jesen C. Fan, M.D. and Peggy Osborne (the "Defendants") with respect to the fourth count of the complaint. The fourth count seeks to hold the Defendants personally liable for violating the plaintiff's rights under theFourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.
The court has reconsidered its decision in light of the points raised by the plaintiff in his motion and memorandum, but will not alter its previous decision. The plaintiff misconstrues some of the conclusions reached by the court in its earlier decision.
There can be no dispute that the Defendants enjoy qualified immunity with respect to the claims against them as alleged in the fourth count. The Defendants lose that immunity only if the plaintiff can show a violation by the defendants of "clearly established law." If the plaintiff cannot show such a violation, the Defendants are entitled to dismissal.
The plaintiff seeks reconsideration of the court's prior decision to correct what the plaintiff contends are "clear errors of law." The first such alleged error is that "[t]he court's decision is based on distinguishing the rights of institutionalized patients depending on the (sic) whether their commitment was voluntary or involuntary." This is a misstatement with respect to the court's ruling. The court did not distinguish patients' rights based on whether the patients were voluntarily or involuntarily committed. The court ruled that it was not clear that the ruling in Youngberg v. Romeo,457 U.S. 307 (1982) applied to the plaintiff in the present case because of certain factual distinctions between the present case andYoungberg. The first of these distinctions is that the plaintiff in Youngberg was involuntarily committed to state custody by court order and he resided at a state hospital. In the present case, the plaintiff has alleged that he is subject to the supervision of employees of the State Department of Mental Health, but nowhere in the complaint does he allege that he is committed to the State of Connecticut, or whether that commitment is voluntary or involuntary. In the absence of any allegation of commitment, the court could not conclude that theYoungberg ruling, which is clearly based on the plaintiff's commitment to the State of Pennsylvania, constitutes the "clearly established law" applicable to the plaintiff here.
A second factual distinction found by the court was that CT Page 5248 unlike the plaintiff in Youngberg, the plaintiff in the present case did not reside in a state institution "at the time of the actions or inactions complained of." The plaintiff emphatically asserts in his motion for reconsideration that the violation he is claiming, the failure to make a proper assessment of the plaintiff's needs before discharging him to the community, occurred while the plaintiff was residing at Fairfield Hills. The court, however, finds no such allegation in the fourth count of the plaintiff's complaint.
The court also found distinctions between Doe v. New YorkCity Dept. of Social Services, 649 F.2d 134 (2d Cir. 1981), and the present case such that it could not find that Doe constituted "clearly established law" with reference to the defendants' treatment of the plaintiff. The plaintiff's complaint fails to allege that the State of Connecticut or its Department of Mental Health held legal custody of the plaintiff, a clear and important factual distinction from Doe.
The plaintiff misinterprets the court's decision in other respects as well. He fails to comprehend that the decision is not one on the merits of the plaintiff's claim, but one determining whether the defendants enjoy sovereign immunity based on the plaintiff's own allegations.
The plaintiff also asks the court for a determination of immediate appealability pursuant to Practice Book § 40002C with respect to the dismissal of the fourth count. However, the court refused to dismiss the claims against the Defendants in their personal capacity under the third count and the plaintiff also retains claims against the Defendants in their official capacities as well as claims against additional named defendants in this action. The court does not find that the delay incident to an appeal of one cause of action only would be justified where there are additional viable claims against both the Defendants and additional parties as well.
VERTEFEUILLE, J.